BAXTER, J., Concurring.
Penal Code former section 1203.2, subdivision (a) provided that a summary revocation of probation “shall serve to toll the running of the probationary period.” The majority holds that this provision, not substantively changed under current law, merely preserved the court’s authority to adjudicate, in a hearing under Morrissey v. Brewer (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] and People v. Vickers (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313] (Morrissey/Vickers hearing) held after the original imposed term of probation, whether a summary revocation entered during the original probationary term was validly based on an actual violation of probation committed during that time. Thus, the majority concludes, the tolling provision does not permit a court to determine, in a Morrissey/Vickers hearing following a summary revocation, that *519 the probationer committed a violation of probation after the originally imposed period of probation had lapsed. The majority applies this rule to a probationer who (1) was deported in 2001, one year after he received a three-year probationary term and served a county jail term as a condition thereof; (2) had his probation summarily revoked in 2001 for failure, while deported, to report to his probation officer; (3) again failed to so report upon his illegal reentry into the United States in 2007; and (4) was adjudicated in a 2009 Morrissey/Vickers hearing not to be in willful violation for the 2001 failure. Under these circumstances, the majority determines, the court could not invoke the 2007 failure as grounds to reinstate and extend the probationary period.
I am willing to agree, for the reasons expressed in detail by the majority, that this is the current meaning and import of the tolling provision in Penal Code section 1203.2, subdivision (a). But I believe the majority’s interpretation, as applied to cases like this one, exposes a significant issue of public policy which the Legislature may wish to address.
Of primary concern is the fact that a summary revocation left unresolved by the probationer’s absence interferes with the supervised form of release that probation is intended to represent. (See, e.g., Pen. Code, §§ 1202.8, subd. (a), 1203, subd. (a).) Imposition of probation for a specified period contemplates that the probationer will be subject to supervision by the court and probation authorities for that entire amount or length of time, even if he or she commits no violations in the interim. Supervision for the entire probationary period, as agreed between the probationer and the court, is a fundamental prerequisite to the successful and lawful completion of a grant of supervised probation.
But when, after a summary revocation, the probationer is deported or is otherwise beyond the supervision of the court and the probation department, the supervision contemplated by the original grant of probation cannot occur. During the probationer’s absence, the court cannot hold a Morrissey/Vickers hearing to determine whether the summary revocation should be confirmed, or whether probation should be reinstated on the same or modified conditions. By the same token, the court and the probation authorities have no practical ability to monitor the probationer’s behavior.
Under these circumstances, the probationer should not be absolved of a portion of the originally contemplated length of supervised release simply because his or her absence extended beyond the originally imposed calendar period of probation. On the contrary, whenever the court regains physical *520 custody over the probationer, the period of his or her absence should not necessarily be counted in determining whether the probationary time of supervised release has lapsed. If it has not, the court should retain full authority, in the interests of justice, and within the limits of the relevant statutory provisions, to determine what probationary consequences should flow from conduct the probationer has committed in the interim. The current version of Penal Code section 1203.2, subdivision (a) should expressly so recognize.